

**ORDERED in the Southern District of Florida on September 9, 2019.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                    Case No. 19-15509-BKC-EPK

BRUCE STEVEN FRANK,                                       Chapter 11

    Debtor.
_____/

### ORDER GRANTING DEBTOR'S EXPEDITED MOTION TO (A) APPROVE SALE OF REAL PROPERTY, FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (B) AUTHORIZE DEBTOR TO ENTER INTO CONTRACT FOR SALE OF REAL PROPERTY; AND (C) APPROVE PAYMENT OF COMMISSION TO BROKER AND DEBTOR FROM CLOSING PROCEEDS

THIS CAUSE came on before the Court on September 5, 2019 at 10:30 a.m., upon the Debtor's Expedited Motion to (A) Approve Sale of Real Property, Free and Clear of Liens, Claims and Encumbrances; (B) Authorize Debtor to Enter Into Contract for Sale of Real Property; and (C) Approve Payment of Commission to Broker and Debtor From Closing Proceeds [ECF No. 84] (the "Motion"), filed by Bruce Steven Frank (the "Debtor"), the Limited Objection [ECF No. 100] (the "Joint Objection") to the Motion, filed by unsecured creditors Investors Bank and The Bancorp Bank ("Bancorp") and the Objection [ECF No. 103] (the "NEC

Objection") to the Motion, filed by NEC Financial Services, LLC.

Counsel for the Debtor, Investors Bank, Bancorp, Professional Bank and Larsen Capital, LLC ("Larsen Capital") appeared at the hearing on the Motion.  The Court was advised at the hearing on the Motion that the Debtor, Investors Bank, Bancorp and Larsen Capital resolved the issues identified in the Objection, and such resolution is memorialized as set forth in this Order.  The Court, having considered the Motion and the Court file, hearing arguments of counsel, hearing the terms of the resolution referenced above, and for the reasons stated on the record, finds good cause to grant the Motion, as set forth below.  Accordingly, the Court –

**ORDERS** as follows:

1.      The Motion is **GRANTED**, as set forth below.

2.      The Joint Objection is **OVERRULED**, in part, as set forth below.

3.      The NEC Objection is **OVERRULED**, as set forth in a separate order granting the Debtor's Motion to Avoid Judgment Liens.

4.      The sale by the Debtor, Bruce Steven Frank, and Joyce Frank, the Debtor's non-filing spouse, to Samuel G. Weinberg & Kathy Weinberg, and/or Assigns (the "Purchasers"), of the real property located at 392 Eagle Dr, Jupiter, FL 33477 (the "Property"), having a legal description of:

> Lot 543, Parcel "E at Admiral's Cove, according to the plat thereof recorded in Plat Book 62, Page 1, Public Records of Palm Beach County, Florida, together with a perpetual non-exclusive easement for pedestrian ingress and egress over all open space areas, a perpetual non-exclusive easement for vehicular and pedestrian ingress and egress and a perpetual non-exclusive easement for ingress and egress by boat over all saltwater waterways

in the amount of $6,150,000.00, is approved.

5.      The sale of the Property is free and clear of all liens, claims and encumbrances, pursuant to 11 U.S.C. § 363(f), with any and all liens, claims and encumbrances (that are not otherwise specifically addressed in this Order) attaching to the sale proceeds.

6.      The Court finds that adequate notice of the Motion was provided to all interested

parties.

7.      Given the representations made in the Motion, the purchase price of $6,150,000.00 represents the highest and best offer for the Property, and the Court finds such consideration to be fair and reasonable.

8.      Given the representations made in the Motion, the Court determines that the proposed sale is the result of arm's length negotiations and that the Purchasers are good faith purchasers entitled to all of the protections of 11 U.S.C. § 363(m).

9.      As a result of the foregoing, the Debtor is authorized to enter into the "As Is" Residential Contract for Sale and Purchase (along with any addendums) that is attached as Exhibit "A" to the Motion.

10.     From the gross sales proceeds, in the amount of $6,150,000.00, the following claims and amounts shall be paid:

| Recipient | Nature of Lien, Claim, Encumbrance or Interest | Amount | Proposed Disposition at Closing |
|---|---|---|---|
| Professional Bank | First Mortgage (Claim # 24-1) (amount includes principal, interest, application of escrow balance, legal fees and expenses) | $3,620,089.48 (as of September 9, 2019) <br><br> (per diem after September 9, 2019 is $390.78) | Amount shall be paid at closing from the sales proceeds |
| Larsen Capital | Second Mortgage (Claim # 26-1) (amount includes principal due as of April 26, 2019 (the "Petition Date"), as well as amounts advanced after the Petition Date) | $1,819,734.00 | Amount shall be paid at closing from the sales proceeds |
| Larsen Capital | Second Mortgage (Claim # 26-1) (amount includes non-gifted interest due through date of closing) | $50,000.00 | Amount shall be paid at closing from the sales proceeds |
| Bancorp | Amount gifted by Larsen Capital on account of its secured claim (from interest due and owing on its Second Mortgage referenced above) | $60,000.00 | Amount shall be paid at closing from the sales proceeds |
| Investors Bank | Amount gifted by Larsen Capital on account of its secured claim (from interest due and owing on its Second Mortgage referenced above) | $60,000.00 | Amount shall be paid at closing from the sales proceeds |
| The Sheehan Agency | Real estate commission owed to Debtor's Real Estate Broker (non-Debtor portion) | $227,550.00 | Amount shall be paid at closing from the sales proceeds |
| Bruce Frank | The Debtor's share of the real estate commission owed to Debtor's Real Estate | $49,200.00 | Amount shall be paid at closing from the sales |

| | Broker | | proceeds, and held in Debtor's counsel's trust account, to be held in escrow as property of the estate, pursuant to 11 U.S.C. § 541, pending further Court order |
|---|---|---|---|
| Admiral's Cove Realty | Real estate commission owed to third-party Cooperating Broker | $92,250.00 | Amount shall be paid at closing from the sales proceeds |
| Bancorp | Substantial contribution claim to the proceeds of the sale, pursuant to 11 U.S.C. § 503(b)(3), which shall be an allowed administrative (substantial contribution) claim | $25,000.00 | Amount shall be paid at closing from the sales proceeds |
| Investors Bank | Substantial contribution claim to the proceeds of the sale, pursuant to 11 U.S.C. § 503(b)(3), which shall be an allowed administrative (substantial contribution) claim | $25,000.00 | Amount shall be paid at closing from the sales proceeds |
| Any holders of valid judgment liens against the Property | See the Debtor's Motion to Avoid Judicial Liens on Exempt Property [ECF No. 85] (the "Motion to Avoid Liens") | See ECF No. 85 | Any and all judgment liens shall be treated as set forth in the Order Granting Motion to Avoid Liens (separate order) |
| Customary and reasonable closing costs | Customary and reasonable closing costs | Unknown | Amount shall be paid at closing from the sales proceeds |
| Balance due to the Debtor | Balance due to the Debtor | Unknown | After payment of the above amounts, any remaining balance shall be paid to the Debtor, and held in Debtor's counsel's trust account, to be held in escrow as property of the estate, pursuant to 11 U.S.C. § 541, pending further Court order |

11.    The amounts paid to Larsen Capital at the closing of the sale of the Property, as referenced above, shall fully and completely satisfy Larsen Capital's secured claim against the Property, and Larsen Capital shall not be paid any further amounts from the proceeds of the sale of the Property.

12.    However, the satisfaction of its claim against the Property shall not otherwise affect any other claim(s) of Larsen Capital, including claims against any other collateral.

13.    By virtue of the gift from Larsen Capital in the amount of $60,000.00, and its allowed administrative (substantial contribution) claim, pursuant to 11 U.S.C. § 503(b)(3), in the

amount of $25,000.00, Bancorp shall be paid at closing the amount of $85,000.00. This amount shall reduce the amount of its unsecured claim against the Debtor (Claim # 12).

14.     By virtue of the gift from Larsen Capital in the amount of $60,000.00, and its allowed administrative (substantial contribution) claim, pursuant to 11 U.S.C. § 503(b)(3), in the amount of $25,000.00, Investors Bank shall be paid at closing the amount of $85,000.00. This amount shall reduce the amount of its unsecured claim against the Debtor (Claim # 9).

15.     Any holders of valid judgment liens against the Property shall be treated as set forth in the Order Granting Debtor's Motion to Avoid Judicial Liens on Exempt Property [ECF No. 85], which shall be entered by separate order.

16.     The Debtor is authorized to pay the real estate commissions referenced above, from the proceeds of the sale of the Property, in the amounts set forth above.

17.     Any customary and reasonable closing costs shall be paid at the closing of the sale of the Property.

18.     Thereafter, any remaining net proceeds after payment of the above amounts shall be paid to the Debtor, and held in Debtor's counsel's trust account, to be held in escrow as property of the estate, pursuant to 11 U.S.C. § 541, pending further Court order. However, notwithstanding this paragraph, the Debtor's counsel is authorized to remit to the Office of the United States Trustee any United States Trustee Quarterly Fees emanating from the distribution of the proceeds of the sale of the Property, from his attorney trust account, without further Court order, when such United States Trustee Quarterly Fees come due.

19.     The Debtor has the authority to close the sale, disburse the sales proceeds as set forth herein, and execute any and all documents necessary to consummate the closing.

20.     The fourteen (14) day stay period under Fed. R. Bank. P. 6004(h) is waived so that the parties can comply with the scheduled closing date.

21.     The provisions of this Order shall be binding on the Debtor, all creditors, the

Purchasers and all parties holding a claim against the Debtor, or a lien, claim or interest in the

Property, regardless of whether they have appeared in this case.

**###**

**Submitted by:**

Zach B. Shelomith, Esq.
Leiderman Shelomith Alexander +
Somodevilla, PLLC
2699 Stirling Road, Suite C401
Ft. Lauderdale, FL 33312
Telephone (954) 920-5355
Facsimile (954) 920-5371
zbs@lsaslaw.com

**Copies furnished to:**

Zach B. Shelomith, Esq.

Attorney Shelomith is directed to serve copies of this order on all creditors and interested
parties and to file a certificate of service.